UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SHUBSTOR MARGARITA,<br><br>   Defendant. | Case No. 3:24-cv-00747-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 14 |

Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events from around the world. Defendant, a citizen of Ukraine, allegedly downloaded and copied Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of Plaintiff's copyrighted media content to her YouTube channel(s). Plaintiff seeks leave to serve Defendant via email and posting on a designated website. (Dkt. No. 14.) After carefully considering Plaintiff's motion and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES WITHOUT PREJUDICE the motion for alternative service.

**BACKGROUND**

Viral DRM alleges Shubstor Margarita operates the YouTube Channel WHEN GOD IS ANGRY. (Dkt. No. 1 at ¶ 25.) Defendant is alleged to have "downloaded Viral DRM's Works, [] edited the Works, removed Viral DRM's copyright management information, and then uploaded infringing versions of Viral DRM's Works to YouTube." (*Id*. at ¶ 27.) Defendant did so "to advertise, market and promote their YouTube channel, grow their YouTube channel subscriber base, earn money from advertising to their YouTube subscribers, and engage in other money-making business activities using Viral DRM's copyrighted media content." (*Id*. at ¶ 28.) Viral

1  DRM notified YouTube and Defendant of the allegedly infringing behavior by filing DMCA take-
2  down notices, but Defendant responded with false and misleading information.  (*Id*. at ¶¶ 45-46.)
3  Plaintiff seeks leave to serve Defendant through alternative email service to the email
4  address Google provided in response to a subpoena as well as by website posting. (Dkt. No. 46.)
5  Plaintiff contends "allowing e-mail service in the present case is appropriate and comports with
6  constitutional notions of due process, particularly given Margarita's decision to conduct her illegal
7  businesses using the Internet and utilizing e-mail as a primary means of communication."  (Dkt.
8  No. 14 at 11.)

## DISCUSSION

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country.  Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative method of service is not prohibited by international agreement does not mean that the plaintiff is entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255, 257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties*, 284 F.3d at 1016.

To comport with due process, alternate service of process must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016–17 (citation omitted). Service by email may be proper when (1) international agreement does not prohibit service by email, and (2) service by email is reasonably calculated to provide actual notice to the defendant. *See D. Light Design, Inc. v. Boxin Solar Co*., No. C–13–5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (collecting cases).

International agreement does not prohibit service by email here. The Hague Service

1    Convention governs because the United States and Ukraine are both parties to this multilateral

2    treaty.  *See* Hague Service Convention Status Table,

3    https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Apr. 11, 2024).

4    The Convention's language is mandatory "in all cases, in civil or commercial matters, where there

5    is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk v.*

6    *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (internal quotation marks omitted). The

7    Convention authorizes service in several ways, including (a) through a receiving country's central

8    authority, (b) by diplomatic and consular agents, through consular channels, on judicial officers in

9    the receiving country, or direct service by postal channels, unless the receiving country objects,

10   and (c) by additional methods of service that a signatory country may designate within their

11   borders either unilaterally or through side agreements.  *Facebook, Inc. v. 9 Xiu Network*

12   *(Shenzhen) Technology Co., Ltd*., 480 F. Supp. 3d 977, 980 (2020). "Nothing in the Hague

13   Convention itself prohibits alternative service by email, when such service is directed by a court."

14   *See Google LLC v. Does 1*-3, No. 23-CV-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec.

15   21, 2023) (collecting cases).

16       Plaintiff, however, has not made an adequate showing service by email comports with due

17   process.  As a threshold matter, Plaintiff has not identified the email address(es) it intends to use to

18   serve Defendant.  Plaintiff indicates it plans to use the email address Google provided in response

19   to a subpoena, but it has not attached a copy of Google's response.  *See, e.g*., *Google*, 2023 WL

20   8851619, at *2 (relying on Google subscriber records submitted with the motion for alternative

21   service demonstrating the accounts were active and recently accessed to demonstrate service by

22   email was "likely to reach defendants and is reasonably calculated to provide them actual notice of

23   this action.").  Further, unlike in the related actions, *see e.g*., Nos. 23-4300, Dkt. No. 35, the Court

24   did not grant Plaintiff leave in this action to subpoena Google, so it is unclear how this email

25   address was identified.

26       Nor has Plaintiff provided evidence any such email address Defendant provided Google is

27   likely to be legitimate.  Plaintiff contends Defendant must provide Google "a valid electronic

28   means to contact her" "in order to communicate with Google, receive notice of DMCA takedowns,

1  submit counternotices, receive payment advices, and communicate with YouTube concerning her
2  YouTube channel," but Plaintiff alleged in the complaint the information in Defendant's
3  counternotice was fraudulent.  (*Compare* Dkt. No. 14 at 7 *with* Dkt. No. 1 at ¶¶ 45-46.)  The
4  counternotice indicates WHEN GOD IS ANGRY is registered to an Kashper Viacheslav who lives
5  in Ukraine and uses the email address whengodisangry@gmail.com.  (Dkt. No. 1-2 at 11, 18, 27.)
6  Given Plaintiff named Ms. Margarita and not Mr. Viacheslav as a defendant, it appears Plaintiff
7  contends this information is inaccurate, but Plaintiff does not explain this or provide evidence
8  Google provided a different email address which it used to communicate with Ms. Margarita.

9  Nor has Plaintiff provided other evidence demonstrating service by email is likely to reach
10 Defendant.  For example, Plaintiff has not provided evidence it attempted to communicate with
11 Defendant at the whengodisangry@gmail.com email address or another email address to ensure
12 the address is legitimate.  *See, e.g.*, *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013
13 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process
14 where a plaintiff demonstrates that the email is likely to reach the defendant."); *Hillbroom v.*
15 *Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May 3, 2010) (permitting service of foreign
16 individual by email where individual used the subject email address to communicate with
17 counsel); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666, 2015 WL 1743393, at *3 (N.D. Cal. Apr.
18 16, 2015) (same).

19 Finally, while the motion repeatedly references Defendant's email address in the singular,
20 it also states "[b]ased upon plaintiff's investigation, Margarita has multiple forms of electronic
21 means of contact, demonstrating that this means of contact is not just effective, but the most
22 reliable means of communicating with Margarita, and consequently, the most reliable means of
23 providing Margarita with notice of this action."  (Dkt. No. 14 at 10 (citing Rollin Decl. ¶¶ 7-8).)
24 Mr. Rollin's declaration, however, only refers to Defendant's "email address."  It is unclear if this
25 is a typographical error or if Ms. Margarita has multiple email addresses at which Plaintiff should
26 attempt service.

27 In sum, Plaintiff's motion for alternative service fails to satisfy Rule 4(f) and constitutional
28 due process.

**CONCLUSION**

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to serve Defendant by alternative means.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated:  April 11, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge